UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRESOR NDANDU,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GOLDEN STATE ANNEX (ICE) DETENTION CENTER,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:23-cv-00792-WQH-WVG<br><br>**ORDER** |

HAYES, Judge:

On April 26, 2023, Plaintiff Tresor Ndandu, proceeding pro se, initiated this action by filing a civil rights Complaint against Defendant Golden State Annex (ICE) Detention Center ("GSA"), a privately-operated federal detention facility. (ECF No. 1.) On the same day, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs ("Motion to Proceed In Forma Pauperis") (ECF No. 2) and Request for Appointment of Counsel (ECF No. 3). On May 8, 2023, Plaintiff filed an amended Civil Cover Sheet. (ECF No. 4.)

**I.    REQUEST FOR APPOINTMENT OF COUNSEL**

Plaintiff requests that the Court appoint counsel because he "do[es] not have a lot of knowledge about the law." *Id.* at 3. However, there is no constitutional right to counsel in a civil case. *See Lassiter v. Dept. of Social Servs.,* 452 U.S. 18, 25 (1981). While district

courts have some limited discretion to "request" that an attorney represent an indigent civil litigant, this discretion may only be exercised under "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Circumstances common to most pro se litigants, such as a lack of legal education, do not by themselves establish exceptional circumstances warranting appointment of counsel. In weighing the relevant factors in this case, the Court finds that there are no exceptional circumstances warranting appointment of counsel in this matter at this time. Plaintiff's Request for Appointment of Counsel is denied.

## II.   MOTION TO PROCEED IN FORMA PAUPERIS

All parties instituting a civil action in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a); CivLR 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

In his Motion to Proceed In Forma Pauperis, Plaintiff states that he is not presently employed, has no other source of income, and has no assets. (*See generally* ECF No. 2.) Based on Plaintiff's representations, the Court determines that Plaintiff cannot afford to pay the filing fee in this case. Plaintiff's Motion to Proceed In Forma Pauperis is granted pursuant to 28 U.S.C. § 1915(a).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *See id.*

## III. INITIAL SCREENING OF THE COMPLAINT

### A. Legal Standard

Because Plaintiff is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, the Court must sua sponte dismiss an IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Allegations in the Complaint

On May 14, 2022, while Plaintiff was detained at GSA, an officer "ordered [Plaintiff] to put down [ ] religious pictures" that were hanging on a "wall by [his] bunk area." (ECF No. 1 at 2.) After Plaintiff refused to do so, the officer "got mad" and called

Plaintiff a "monk[e]y." *Id.* Plaintiff then "threatened to sue her and the facility." *Id.* In "retaliation," Plaintiff was sent to administrative segregation by another officer. *Id.* Other officers released Plaintiff's family information to other detainees who were "active gang members" and who threatened to "jump[]" Plaintiff. *Id.* Plaintiff was "harassed by the staff and detainees" and Plaintiff feared his "family [would] be target[ed]." *Id.*

On his amended Civil Cover Sheet, Plaintiff indicates that he brings claims pursuant to 42 U.S.C. § 1983 for the "violation [of] 1st, 5th, Religious righ[t] and federal law." (ECF No. 4 at 1.) Plaintiff requests monetary damages.

**C. Discussion**

Plaintiff states that his claims are brought pursuant to 42 U.S.C. § 1983, which "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). However, Plaintiff's claims are brought against a U.S. Immigration and Customs Enforcement detention facility, not a state actor. The Court accordingly construes the Complaint as alleging claims pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), which provides "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."[2] *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001); *see Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) ("[A] *Bivens* action is the federal analog to suits brought against state officials under… 42 U.S.C. § 1983.").

The *Bivens* claims alleged in the Complaint fail at the outset because *Bivens* claims can only be brought against individual federal officers, not federal agencies or other associated entities. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484 (1994) (barring a *Bivens* claim

---

[2] The Court construes the Complaint as alleging *Bivens* claims pursuant to its duty to "construe pro se pleadings liberally." *Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995). However, this duty does not authorize the Court to sua sponte raise additional claims for violations of federal laws that were not identified in the Complaint. *See, e.g., Kiebala v. Boris*, 928 F.3d 680, 684-85 (7th Cir. 2019) (stating that a "court is not to become an advocate" and is not "charged with seeking out legal issues lurking within the confines of [a] *pro se* litigant's pleadings").

against a federal agency); *Malesko*, 534 U.S. at 71 (barring a *Bivens* claim against a private prison facility operating under color of federal law); *Ziglar v. Abbasi*, 582 U.S. 120, 140 (2017) ("[A] *Bivens* claim is brought against the individual official for his or her own acts.").[3] The Complaint is dismissed without prejudice for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(2). Plaintiff may file a motion for leave to amend the Complaint to remedy the defects in pleading identified in this Order within thirty days of the date of this Order.[4]

## IV. CONCLUSION

IT IS HEREBY ORDERED that the Request for Appointment of Counsel (ECF No. 3) is denied without prejudice.

IT IS FURTHER ORDERED that the Motion to Proceed In Forma Pauperis (ECF No. 2) is granted.

IT IS FURTHER ORDERED that the Complaint (ECF No. 1) is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2). If no motion for leave to amend is filed within thirty (30) days of the date of this Order, the Clerk of the Court shall close this case.

Dated: May 18, 2023

*[signature]*
Hon. William Q. Hayes
United States District Court

---

[3] The Court further notes that even had Plaintiff alleged claims against individual officers, "expanding the *Bivens* remedy is now considered a 'disfavored' judicial activity," *Ziglar*, 582 U.S. at 135 (quoting *Iqbal*, 556 U.S. at 675), and the Supreme Court and Court of Appeals have expressly declined to create *Bivens* remedies for constitutional violations similar to those alleged in this action. *See Egbert v. Boule*, 142 S. Ct. 1793, 1807 (2022) ("[T]here is no *Bivens* action for First Amendment retaliation"); *Minneci v. Pollard*, 565 U.S. 118, 131 (2012) (rejecting an Eighth Amendment *Bivens* claim against "privately employed personnel working at a privately operated federal prison"); *Vega v. United States*, 881 F.3d 1146, 1155 (9th Cir. 2018) (declining to expand *Bivens* in the context of a "Fifth Amendment procedural due process claims arising out of a prison disciplinary process").

[4] Pursuant to Civil Local Rule 15.1, the motion for leave to amend must be accompanied by a copy of the proposed amended complaint that is complete in itself without reference to the original Complaint and a version of the proposed amendment that shows how the proposed amendment differs from the original Complaint. *See* CivLR 15.1.