UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRESOR NDANDU,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER SASSO; OFFICER GONZALEZ; LIEUTENANT YATES; DETENTION WARDEN,<br><br>    Defendants. | Case No.: 3:23-cv-00792-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

I.  **BACKGROUND**

On April 26, 2023, Plaintiff Tresor Ndandu ("Plaintiff"), proceeding pro se, initiated this action by filing a civil rights Complaint against Defendant Golden State Annex (ICE) Detention Center, a privately-operated federal detention facility. (ECF No. 1.) On the same day, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs ("Motion to Proceed In Forma Pauperis") (ECF No. 2) and Request for Appointment of Counsel (ECF No. 3).

On May 18, 2023, the Court issued an Order granting the Motion to Proceed In Forma Pauperis, denying the Request for Appointment of Counsel, and sua sponte dismissing the Complaint for failure to state a claim. ECF No. 5; *see also* 28 U.S.C. §

1915(e)(2). Specifically, the Court held that Plaintiff's *Bivens* claim could not be brought against Defendant Golden State Annex (ICE) Detention Center, a prison facility, and noted that even if Plaintiff alleged claims against individual officials, "the Supreme Court and Court of Appeals have expressly declined to create *Bivens* remedies for constitutional violations similar to those alleged in this action." (ECF No. 5 at 4, 5 n.3.) The Court granted Plaintiff thirty days to file a motion for leave to amend the Complaint and instructed Plaintiff that the motion "must be accompanied by a copy of the proposed amended complaint that is complete in itself without reference to the original Complaint." *Id.* at 5 n.4 (quoting S.D. Cal. CivLR 15.1).

On June 7, 2023, Plaintiff filed a Motion for Leave to Amend. (ECF No. 6.) Because the motion was not accompanied by a proposed amended complaint, the Court deferred ruling on the motion and granted Plaintiff an additional thirty days to file a proposed amended complaint. (ECF No. 7.) The Court again instructed Plaintiff that the "proposed amended complaint must be complete in itself without reference to the original Complaint." *Id.* at 2.

On July 12, 2023, Plaintiff filed a document requesting an extension of time to file the proposed amended complaint. (ECF No. 8.)

On July 14, 2023, the Court granted Plaintiff's Motion for Leave to Amend.[1] (ECF No. 9.)

On August 8, 2023, Plaintiff filed an Amended Complaint asserting *Bivens* claims against Officer Sasso, Officer Gonzalez, Lieutenant Yates, and Detention Warden (collectively, "Defendants"). (ECF No. 11.)

/ / /

/ / /

---

[1] Plaintiff never filed a proposed amended complaint, however, the Court determined that "it is preferable to grant Plaintiff leave to amend and review any amended complaint, when filed, under the required sua sponte screening procedure set forth in 29 U.S.C. § 1915(e)." (ECF No. 9 at 2 n.1.)

## II. SUA SPONTE SCREENING

### A. Legal Standard

As the Court stated in its previous Order, because Plaintiff is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, the Court must sua sponte dismiss an IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). However, "courts must construe pro se pleadings liberally." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

### B. Allegations

Plaintiff's Amended Complaint does not state any facts. Instead, the Amended Complaint states that "this is Amend[ed] Complaint in case 3:23-cv-00792-WQH-WGV."

(ECF No. 11 at 3.) It appears Plaintiff is attempting to incorporate by reference the facts alleged in the original Complaint.

In the Court's Order dismissing the case, the Court instructed Plaintiff that the amended complaint must be "complete in itself without reference to the original Complaint." ECF No. 5 at 5 n.4 (quoting S.D. Cal. CivLR 15.1); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."). The Amended Complaint is subject to dismissal on this basis alone. However, in light of the liberal standard applied to pro se litigants, *see Resnick*, 213 F.3d at 447, the Court considers the facts alleged in the original Complaint.

The Complaint alleges that on May 14, 2022, while Plaintiff was detained at Golden State Annex (ICE) Detention Center, "Officer Sasso ordered [Plaintiff] to put down [ ] religious pictures" that were hanging on a "wall by [his] bunk area." (ECF No. 1 at 2.) After Plaintiff refused to do so, Officer Sasso "got mad" and called Plaintiff a "monk[e]y." *Id.* Plaintiff then "threatened to sue her and the facility." *Id.* In "retaliation," Plaintiff was sent to administrative segregation by Lieutenant Yates. *Id.* Other officers released Plaintiff's family information to other detainees who were "active gang members" and who threatened to "jump[]" Plaintiff. *Id.* Plaintiff was "harassed by the staff and detainees," including Officer Gonzalez who was "sex playing [Plaintiff] in the dorm and by [the] rec yard." *Id.* As a result, Plaintiff experienced "anxiety" and feared his "family [would] be target[ed]." *Id.*

Plaintiff asserts a *Bivens* claim against Officer Sasso in her official capacity for violations of the First, Fifth, and Eighth Amendments. (ECF No. 11 at 2.) Plaintiff asserts an unspecified *Bivens* claim against Officer Gonzalez and Lieutenant Yates in their official capacity. *Id.* Plaintiff asserts a *Bivens* claim for violation of the Fourth Amendment against Detention Warden in an individual capacity. *Id.* Plaintiff generally asserts claims for a

human rights violation and religious discrimination. *Id.* at 4–5. Plaintiff seeks a permanent injunction, $20 million in damages, and $20 million in punitive damages. *Id.* at 7.

### C. Discussion

As an initial matter, Plaintiff brings claims against Detention Warden in an individual capacity, and against Officer Sasso, Officer Gonzalez, and Lieutenant Yates in an official capacity. (ECF No. 11 at 2.) "[N]o *Bivens*-like cause of action is available against federal agencies or federal agents sued in their official capacities." *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008). The Court can dismiss the claims against Officer Sasso, Officer Gonzalez, and Lieutenant Yates on this basis alone. Further, Plaintiff does not specify who the claims for a human rights violation and religious discrimination are brought against. However, the Court liberally construes the Amended Complaint below, and considers whether Plaintiff has stated a claim against Officer Sasso, Officer Gonzalez, and Lieutenant Yates in their individual capacities.

Courts recognize a narrow category of causes of action that may be brought against federal officials for alleged civil rights violations. "In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 [(1971)], the Court broke new ground by holding that a person claiming to be a victim of an unlawful arrest and search could bring a Fourth Amendment claim for damages against the responsible agents even though no federal statute authorized such a claim." *Hernandez v. Mesa*, 140 S. Ct. 735, 741 (2020) (internal parallel citations omitted). Following *Bivens*, the Supreme Court expanded the implied cause of action twice, recognizing a *Bivens* remedy in the context of a Fifth Amendment claim based on gender discrimination, *Davis v. Passman*, 442 U.S. 228, 230–31 (1979), and Eighth Amendment inadequate medical care claims raised by a federal prisoner's decedents, *Carlson v. Green*, 446 U.S. 14, 24–25 (1980).

Since those cases, however, the Supreme Court has "consistently refused to extend *Bivens* to any new context or new category of defendants." *Ziglar v. Abbasi*, 582 U.S. 120, 132 (2017) (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)). "Rather than dispense with *Bivens*, the [Supreme] Court now emphasizes that recognizing a *Bivens* cause

of action is 'a disfavored judicial activity.'" *Egbert v. Boule*, 596 U.S. 482, 483 (2022) (quoting *Abbasi*, 582 U.S. at 121); *see also Hernandez*, 140 S. Ct. at 742–43 ("We have stated that expansion of *Bivens* is 'a disfavored judicial activity,' and have gone so far as to observe that if 'the Court's three *Bivens* cases [had] been ... decided today,' it is doubtful that we would have reached the same result …." (quoting *Abbasi*, 582 U.S. at 134–35) (internal citations and quotation marks omitted) (alterations in original)).

Here, Plaintiff alleges religious discrimination by Officer Sasso for ordering Plaintiff to "put down" his "religious pictures off the wall." (ECF No. 1 at 2.) Plaintiff also alleges "retaliation" by Lieutenant Yates for sending Plaintiff into administrative segregation after Plaintiff "threatened to sue [Officer Sasso] and the facility." *Id.*

The Supreme Court has specifically declined to recognize a *Bivens* action for First Amendment retaliation claims. *Egbert*, 596 U.S. at 498 ("[T]here is no *Bivens* action for First Amendment retaliation."). Although the Court has never addressed whether *Bivens* extends to a Free Exercise claim, it has repeatedly made clear that it has "never held that *Bivens* extends to First Amendment claims." *Id.* (quoting *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012)); *see also Bush v. Lucas*, 462 U.S. 367, 368 (1983) (refusing to extend *Bivens* to a First Amendment speech claim involving federal employment).

However, even assuming a *Bivens* remedy is available for Plaintiff's Free Exercise claim, the Amended Complaint fails to state a claim for relief under the First Amendment. To bring a Free Exercise claim, an inmate must show that correctional officers substantially burdened the practice of the inmate's religion without any justification reasonably related to a legitimate penological purpose. *See O'Lone v. Shabazz*, 482 U.S. 342, 348–50 (1987); *Jones v. Williams*, 791 F.3d 1023, 1031–33 (9th Cir. 2015). "A substantial burden ... place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Ohno v. Yasuma*, 723 F.3d 984, 1011 (9th Cir. 2013) (quoting *Guru Nanak Sikh Soc'y of Yuba Cty. v. Cnty. of Sutter*, 456 F.3d 978, 988 (9th Cir. 2006) (alterations omitted)). Intrusions that are

"relatively short-term and sporadic" do not constitute a substantial burden on the free exercise of religion. *Canell v. Lightner*, 143 F.3d 1210, 1215 (9th Cir. 1998); *see also Brown v. Washington*, 752 Fed. App'x 402, 405 (9th Cir. 2018) ("[An] isolated incident [of interference] is not enough to constitute a substantial burden on plaintiff's religious beliefs.").

Here, the only allegation pertaining to Plaintiff's religious beliefs is that Officer Sasso ordered Plaintiff to take religious pictures off the wall in his bunk area. This single isolated instance of interference is not sufficient to support a plausible inference that his right to free exercise of religion was substantially burdened. *See Canell*, 143 F.3d at 1215.

To the extent Plaintiff alleges a cruel and unusual punishment claim under the Eighth Amendment, the Supreme Court has made clear that a *Bivens* remedy is not available in this context. "Where, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law …, the prisoner must seek a remedy under state tort law. We cannot simply imply a *Bivens* remedy in such a case." *Minneci v. Pollard*, 565 U.S. 118, 131 (2012); *see also Karboau v. Clark*, 577 Fed. App'x 678, 679 (9th Cir. 2014) (applying *Minneci* to preclude a *Bivens* remedy against employees of a private entity running a federal immigration detention center).

As to any alleged Fifth Amendment violation, to the extent Plaintiff alleges his administrative segregation violated his procedural due process rights, Plaintiff cannot maintain a *Bivens* action. *Vega v. United States*, 881 F.3d 1146, 1155 (9th Cir. 2018) (declining to expand *Bivens* in the context of "Fifth Amendment procedural due process claims arising out of a prison disciplinary process").

As to any alleged Fourth Amendment violation, assuming a *Bivens* remedy exists, Plaintiff fails to state a claim. "The threshold inquiry in any Fourth Amendment analysis is whether the government's conduct is included in the Amendment's coverage, in other words, whether it amounts to a 'search' [or 'seizure'] for constitutional purposes." *United*

*States v. Gonzalez*, 328 F.3d 543, 546 (9th Cir. 2003). Plaintiff does not plead any facts that can be interpreted as either a search or seizure.

As to any claim for a human rights violation, Plaintiff has not specified any statutory, constitutional, or international law basis for this alleged violation. Accordingly, the Amended Complaint is dismissed without prejudice for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. LEAVE TO AMEND

As discussed, the Court finds Plaintiff's Amended Complaint fails to state any claim upon which relief can be granted and must be dismissed sua sponte in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Because Plaintiff is proceeding pro se, the Court, having now provided him "notice of the deficiencies in his complaint" for a second time, will grant him another opportunity to fix them. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). Plaintiff is also reminded that an amended complaint must be a complete document in and of itself. *See* S.D. Cal. CivLR 15.1(a) (stating that an amended pleading "must be complete in itself without reference to the superseded pleading").

## IV. CONCLUSION

IT IS HEREBY ORDERED that the Amended Complaint is dismissed without prejudice. No later than thirty (30) days from the date of this Order, Plaintiff may file a second amended complaint. If no amended complaint is filed, the Court will order the Clerk of the Court to close this case.

Dated: January 8, 2024

Hon. William Q. Hayes
United States District Court