UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRESOR NDANDU, | Case No.:  3:23-cv-00792-WQH-KSC |
| Plaintiff, | **ORDER** |
| v. | |
| OFFICER SASSO; OFFICER GONZALEZ; LIEUTENANT YATES; DETENTION WARDEN, | |
| Defendants. | |

HAYES, Judge:

## I.  BACKGROUND

On April 26, 2023, Plaintiff Tresor Ndandu ("Plaintiff"), proceeding pro se, initiated this action by filing a civil rights Complaint against Defendant Golden State Annex (ICE) Detention Center, a privately-operated federal detention facility. (ECF No. 1.) On the same day, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") (ECF No. 2) and Request for Appointment of Counsel (ECF No. 3).

1

On May 18, 2023, the Court issued an Order granting the Motion to Proceed IFP, denying the Request for Appointment of Counsel, and sua sponte dismissing the Complaint for failure to state a claim. (ECF No. 5.)

On August 8, 2023, Plaintiff filed an Amended Complaint asserting *Bivens* claims against Officer Sasso, Officer Gonzalez, Lieutenant Yates, and Detention Warden. (ECF No. 11.)

On January 8, 2024, the Court issued an Order sua sponte dismissing the Amended Complaint for failure to state a claim. (ECF No. 14.) The Court granted Plaintiff thirty days to file a second amended complaint.

On January 29, 2024, Plaintiff filed a Request for Appointment of Counsel. (ECF No. 18.)

On March 11, 2024, Plaintiff filed a Motion to Proceed IFP. (ECF No. 21.) Because the Court has already granted Plaintiff leave to proceed IFP (*see* ECF No. 5), the Court denies the Motion to Proceed IFP as moot.

On March 25, 2024, Plaintiff filed a Second Amended Complaint ("SAC"), asserting civil rights claims against Officer Sasso, Officer Gonzalez, Lieutenant Yates, and Detention Warden. (ECF No. 22.)

## II.    MOTION TO APPOINT COUNSEL

Plaintiff requests that the Court appoint counsel because "counsel's skill and knowledge is necessary to accord [sic] plaintiff [the] opportunity to meet ch[allenges] with the defendant." (ECF No. 18 at 3.) However, there is no constitutional right to counsel in a civil case. *See Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). While district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant, this discretion may only be exercised under "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues

3:23-cv-00792-WQH-KSC

involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Circumstances common to most pro se litigants, such as a lack of legal education, do not by themselves establish exceptional circumstances warranting appointment of counsel. In weighing the relevant factors in this case, the Court finds that there are no exceptional circumstances warranting appointment of counsel in this matter at this time. Plaintiff's Request for Appointment of Counsel is denied.

**III.    SUA SPONTE SCREENING**

**A. Legal Standard**

As the Court stated in its previous Orders, because Plaintiff is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, the Court must sua sponte dismiss an IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility

3:23-cv-00792-WQH-KSC

standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). However, "courts must construe pro se pleadings liberally." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

### B. Allegations of the SAC

On May 14, 2022, while Plaintiff was detained at Golden State Annex (ICE) Detention Center, Officer Sasso "conducted [an] illegal search and seizure of [Plaintiff's] religious items." (ECF No. 22 at 3.) Plaintiff "complained to Officer Sasso about [the] illegal search because [he] was the only black person in [the] dorm." *Id.* Plaintiff "threatened to sue [Officer Sasso] and the facility" and "reported the incident to Lieutenant Yates." *Id.* (internal quotation marks omitted). In "retaliation" to Plaintiff's threat, Detention Warden released Plaintiff's "family information" to fellow detainees who were "gang members," *id.* at 2, and Lieutenant Yates sent Plaintiff to administrative segregation. While in detention, "Plaintiff was intentionally treated differently from similarly-situated individuals" and was "discriminate[d] against" based on his "country of origin[] and race." *Id.* at 3. Officer Sasso "insulted" Plaintiff by calling him a "monkey," and Officer Gonzalez "was unprofessional by conducting sexual behavior." *Id.* Other detainees called Plaintiff a "monkey" and used "racial slurs." *Id.*

Plaintiff asserts claims for "retaliation" and "discrimination." *Id.* at 2–3. Plaintiff seeks compensatory damages, reasonable attorney's fees and costs, court fees, and punitive damages.

### C. Discussion

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted).

3:23-cv-00792-WQH-KSC

To the extent Plaintiff invokes federal jurisdiction in this matter pursuant to 42 U.S.C. § 1983, he fails to state any claim upon which relief can be granted. Section 1983, "provides a remedy only for deprivation of constitutional rights by a person acting under color of law of any state or territory or the District of Columbia." *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). Thus, because Plaintiff seeks damages based on the allegedly unconstitutional actions of federal actors employed at the Golden State Annex (ICE) Detention Center, "the only possible action . . . is an action under the authority of *Bivens [v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 399 (1971)]." *Id.* Because Plaintiff is proceeding without counsel, the Court will liberally construe his factual allegations as though they were pleaded to seek relief pursuant to *Bivens*. *See Resnick*, 213 F.3d at 447 (noting the court's duty to construe pro se prisoner's pleadings liberally when screening complaints pursuant to 28 U.S.C. § 1915A).

"In *Bivens*, the Supreme Court 'recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (quoting *Hernandez v. Mesa*, 582 U.S. 548, 553 (2017)). *Bivens* arose in the context of a Fourth Amendment violation, however, and the Court has "only expanded [*Bivens*'] 'implied cause of action' twice." *Id.* (quoting *Ziglar v. Abassi*, 582 U.S. 120, 132 (2017)). First, the Court recognized a *Bivens* remedy in the context of a Fifth Amendment claim based on gender discrimination. *Id.* (citing *Davis v. Passman*, 442 U.S. 228, 230–31 (1979)). Second, the Court expanded *Bivens* to Eighth Amendment inadequate medical care claims raised by a federal prisoner's decedents. *Id.* (citing *Carlson v. Green*, 446 U.S. 14, 24–25 (1980)).

Since those cases, however, the Supreme Court has "consistently refused to extend *Bivens* to any new context or new category of defendants." *Abbasi*, 582 U.S. at 132 (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)). "Rather than dispense with *Bivens*, the [Supreme] Court now emphasizes that recognizing a *Bivens* cause of action is 'a disfavored judicial activity.'" *Egbert v. Boule*, 596 U.S. 482, 483 (2022)

3:23-cv-00792-WQH-KSC

(quoting *Abbasi*, 582 U.S. at 121); *see also Hernandez v. Mesa*, 589 U.S. 93, 101 (2020) ("We have stated that expansion of *Bivens* is 'a disfavored judicial activity,' and have gone so far as to observe that if 'the Court's three *Bivens* cases [had] been ... decided today,' it is doubtful that we would have reached the same result[.]").

Plaintiff alleges that Officer Sasso discriminated against Plaintiff based on his race. Assuming a *Bivens* remedy applies, a plaintiff may bring an equal protection claim under the Fifth Amendment by showing that "the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see United States v. Carrillo-Lopez*, 68 F.4th 1133, 1139 (9th Cir. 2023) ("The Supreme Court has determined that 'the Due Process Clause of the Fifth Amendment contains an equal protection component prohibiting the United States from invidiously discriminating between individuals or groups.'"). "[A] plaintiff may satisfy this showing by alleging four separate elements: (1) that the plaintiff was treated differently from others similarly situated; (2) this unequal treatment was based on an impermissible classification; (3) that the defendant acted with discriminatory intent in applying this classification; and (4) the plaintiff suffered injury as a result of the discriminatory classification." *Lam v. San Fransico*, 868 F. Supp. 2d 928, 951 (N.D. Cal. 2022) (citing *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979)).

Here, Plaintiff alleges that Officer Sasso "conducted [an] illegal search and seizure" of religious items in his dorm because Plaintiff was "the only black person in [the] dorm." (ECF No. 22 at 3.) Plaintiff also alleges that Officer Sasso called Plaintiff a "monkey." *Id.* These allegations, when accepted as true, are insufficient to establish that Officer Sasso intentionally treated Plaintiff different from similarly situated individuals because of his race. Plaintiff does not allege, for example, that detainees of other races were not searched by Officer Sasso, or were otherwise treated differently than Plaintiff. The lone conclusory allegation that Plaintiff "was intentionally treated differently from similarly-situated individuals" cannot support Plaintiff's equal protection claim. ECF No. 22 at 3; *see Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by

3:23-cv-00792-WQH-KSC

mere conclusory statements, do not suffice [to state a *Bivens* claim].") Further, while the allegation that Officer Sasso used racial slurs may indicate racial animus, "they do not by themselves amount to a constitutional violation absent having treated a similarly situated inmate differently." *Hamiltonhausey v. Lewis*, No. C 18-6179 WHA (PR), 2019 WL 2299893, at *2 (N.D. Cal. May 30, 2019); *see Hill v. Rowley*, 658 F. App'x 840, 840–41 (9th Cir. 2016) ("The district court properly dismissed [the plaintiff]'s failure-to-protect and equal protection claims based on [the defendant's] comments to [the plaintiff] because verbal harassment is insufficient to state a constitutional deprivation."); *Sekona v. Perez*, 1:19-cv-00400-NONE-GSA (PC), 2020 WL 2468089, at *9 (E.D. Cal. May 13, 2020) ("Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution[.]").

As to any alleged Fourth Amendment violation, assuming a *Bivens* remedy exists, Plaintiff fails to state a claim. The allegation that Officer Sasso "conducted [an] illegal search and seizure" of Plaintiff's dorm, without more, is conclusory, and need not be accepted as true. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("[A court is not] required to accept as true allegations that are merely conclusory[.]").

Plaintiff alleges that Lieutenant Yates and Detention Warden retaliated against Plaintiff after he "threatened to sue [Lieutenant Yates] and the facility." (ECF No. 22 at 3.) However, the Supreme Court has specifically declined to recognize a *Bivens* action for First Amendment retaliation claims. *Egbert*, 596 U.S. at 498 ("[T]here is no *Bivens* action for First Amendment retaliation.").

Plaintiff alleges that Officer Gonzalez "was unprofessional by conducting sexual behavior." (ECF No. 22 at 3.) To the extent Plaintiff alleges a cruel and unusual punishment claim under the Eighth Amendment, the Supreme Court has made clear that a *Bivens* remedy is not available in this context. "Where, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law …, the

3:23-cv-00792-WQH-KSC

prisoner must seek a remedy under state tort law. We cannot simply imply a *Bivens* remedy in such a case." *Minneci v. Pollard*, 565 U.S. 118, 131 (2012); *see also Karboau v. Clark*, 577 Fed. App'x 678, 679 (9th Cir. 2014) (applying *Minneci* to preclude a *Bivens* remedy against employees of a private entity running a federal immigration detention center).

As to any alleged Fifth Amendment violation, to the extent Plaintiff alleges his administrative segregation violated his procedural due process rights, Plaintiff cannot maintain a *Bivens* action in this context. *Vega v. United States*, 881 F.3d 1146, 1155 (9th Cir. 2018) (declining to expand *Bivens* in the context of "Fifth Amendment procedural due process claims arising out of a prison disciplinary process").

Plaintiff does not allege any state tort claims against any Defendant, and the allegations are insufficient for the Court to liberally construe as state tort claims.

The SAC is dismissed without prejudice for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. LEAVE TO AMEND

As discussed, the Court finds the SAC fails to state any claim upon which relief can be granted and must be dismissed sua sponte in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Because Plaintiff is proceeding pro se, the Court, having provided him "notice of the deficiencies in his complaint," will grant him one last chance to fix them. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). Plaintiff is also reminded that an amended complaint must be a complete document in and of itself. *See* S.D. Cal. CivLR 15.1(a) (stating that an amended pleading "must be complete in itself without reference to the superseded pleading").

## V. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Proceed IFP (ECF No. 21) is denied as moot.

IT IS FURTHER ORDERED that the Request for Appointment of Counsel (ECF No. 18) is denied without prejudice.

3:23-cv-00792-WQH-KSC

IT IS FURTHER ORDERED that the SAC is dismissed without prejudice. No later than thirty (30) days from the date of this Order, Plaintiff may file a third amended complaint. If no amended complaint is filed, the Court will order the Clerk of the Court to close this case.

Dated:  May 13, 2024

Hon. William Q. Hayes
United States District Court

3:23-cv-00792-WQH-KSC