UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRESOR NDANDU,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>OFFICER SASSO; OFFICER GONZALEZ; LIEUTENANT YATES; DETENTION WARDEN,<br><br>　　　　　　　　　　Defendants. | Case No.:  3:23-cv-00792-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

## I. BACKGROUND

On April 26, 2023, Plaintiff Tresor Ndandu ("Plaintiff"), proceeding pro se, initiated this action by filing a civil rights Complaint against Defendant Golden State Annex (ICE) Detention Center, a privately-operated federal detention facility. (ECF No. 1.) On the same day, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") (ECF No. 2) and Request for Appointment of Counsel (ECF No. 3).

On May 18, 2023, the Court issued an Order granting the Motion to Proceed IFP, denying the Request for Appointment of Counsel, and sua sponte dismissing the Complaint for failure to state a claim. (ECF No. 5.)

On August 8, 2023, Plaintiff filed an Amended Complaint asserting *Bivens* claims against Officer Sasso, Officer Gonzalez, Lieutenant Yates, and Detention Warden. (ECF No. 11.)

On January 8, 2024, the Court issued an Order sua sponte dismissing the Amended Complaint for failure to state a claim. (ECF No. 14.)

On March 25, 2024, Plaintiff filed a Second Amended Complaint, asserting civil rights claims against Officer Sasso, Officer Gonzalez, Lieutenant Yates, and Detention Warden. (ECF No. 22.)

On May 13, 2024, the Court issued an Order sua sponte dismissing the Second Amended Complaint without prejudice. (ECF No. 23.)

On July 15, 2024, Plaintiff filed a Third Amended Complaint ("TAC"). (ECF No. 27.)

## II.  SUA SPONTE SCREENING

### A. Legal Standard

As the Court stated in its previous Orders, because Plaintiff is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, the Court must sua sponte dismiss an IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal

quotations omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). However, "courts must construe pro se pleadings liberally." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

### B. Allegations of the TAC

Plaintiff alleges that while detained at Golden State Annex (ICE) Detention Center, Plaintiff was placed into solitary confinement by Lieutenant Yates "for not breaking any rule at all." (ECF No. 27 at 2.) Plaintiff alleges that Officer Sasso conducted an "unreasonable search with no probable cause." *Id.* Plaintiff alleges that he was called a "monkey" and his family information was released to gang detainees. *Id.* Plaintiff alleges that Detention Warden and Officer Gonzalez "intentionally treated [Plaintiff] differently from similarly-situated individuals." *Id.* Plaintiff alleges that he "suffered injury as a result of the discriminatory classification." *Id.*

Plaintiff asserts *Bivens* claims against Officer Sasso, Officer Gonzalez, Lieutenant Yates, and Detention Warden. Plaintiff seeks monetary damages of $20,000,000.

### C. Discussion

"In *Bivens*, the Supreme Court 'recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (quoting *Hernandez v. Mesa*, 582 U.S. 548, 553 (2017)). *Bivens* arose in the context of a Fourth Amendment violation, and the Court has "only expanded [*Bivens*'] 'implied cause of action' twice." *Id.* (quoting *Ziglar v. Abassi*, 582 U.S. 120, 132 (2017)). First, the Court recognized a *Bivens* remedy in the context of a Fifth Amendment claim based on

gender discrimination. *Id.* (citing *Davis v. Passman*, 442 U.S. 228, 230–31 (1979)). Second, the Court expanded *Bivens* to Eighth Amendment inadequate medical care claims raised by a federal prisoner's decedents. *Id.* (citing *Carlson v. Green*, 446 U.S. 14, 24–25 (1980)).

Since those cases, however, the Supreme Court has "consistently refused to extend *Bivens* to any new context or new category of defendants." *Abbasi*, 582 U.S. at 132 (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)). "Rather than dispense with *Bivens*, the [Supreme] Court now emphasizes that recognizing a *Bivens* cause of action is 'a disfavored judicial activity.'" *Egbert v. Boule*, 596 U.S. 482, 483 (2022) (quoting *Abbasi*, 582 U.S. at 121); *see also Hernandez v. Mesa*, 589 U.S. 93, 101 (2020) ("We have stated that expansion of *Bivens* is 'a disfavored judicial activity,' and have gone so far as to observe that if 'the Court's three *Bivens* cases [had] been ... decided today,' it is doubtful that we would have reached the same result[.]").

Plaintiff brings a cruel and unusual punishment claim against Lieutenant Yates for allegedly placing Plaintiff in solitary confinement "for not breaking any rule at all." (ECF No. 27 at 2.) The Supreme Court has made clear that a *Bivens* remedy is not available in this context. "Where, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law …, the prisoner must seek a remedy under state tort law. We cannot simply imply a *Bivens* remedy in such a case."[1] *Minneci v. Pollard*, 565 U.S. 118, 131 (2012); *see also Karboau v. Clark*, 577 Fed. App'x 678, 679 (9th Cir. 2014) (applying *Minneci* to preclude a *Bivens* remedy against employees of a private entity running a federal immigration detention center).

---

[1] Plaintiff does not allege any state tort claims against any Defendant, and the allegations are insufficient for the Court to liberally construe as state tort claims.

As to any alleged Fifth Amendment violation, to the extent Plaintiff alleges his administrative segregation violated his procedural due process rights, Plaintiff cannot maintain a *Bivens* action in this context. *See Vega v. United States*, 881 F.3d 1146, 1155 (9th Cir. 2018) (declining to expand *Bivens* in the context of "Fifth Amendment procedural due process claims arising out of a prison disciplinary process").

Plaintiff alleges that Detention Warden and Officer Gonzalez discriminated against Plaintiff based on his race. Assuming a *Bivens* remedy applies, a plaintiff may bring an equal protection claim under the Fifth Amendment by showing that "the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see United States v. Carrillo-Lopez*, 68 F.4th 1133, 1139 (9th Cir. 2023) ("The Supreme Court has determined that 'the Due Process Clause of the Fifth Amendment contains an equal protection component prohibiting the United States from invidiously discriminating between individuals or groups.'"). "[A] plaintiff may satisfy this showing by alleging four separate elements: (1) that the plaintiff was treated differently from others similarly situated; (2) this unequal treatment was based on an impermissible classification; (3) that the defendant acted with discriminatory intent in applying this classification; and (4) the plaintiff suffered injury as a result of the discriminatory classification." *Lam v. San Fransico*, 868 F. Supp. 2d 928, 951 (N.D. Cal. 2022) (citing *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979)).

Here, Plaintiff alleges that he was called a "monkey" and that his family information was released to gang members. (ECF No. 27 at 2.) These allegations, when accepted as true, are insufficient to establish that Detention Warden and Officer Gonzalez intentionally treated Plaintiff different from similarly situated individuals because of his race. Plaintiff does not allege, for example, that detainees of other races were treated differently than Plaintiff. The lone conclusory allegation that Plaintiff "was intentionally treated differently from similarly-situated individuals" cannot alone support Plaintiff's equal protection claim. ECF No. 27 at 2; *see Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of

a cause of action, supported by mere conclusory statements, do not suffice [to state a *Bivens* claim].”). Further, while allegations that an officer used a racial slur may indicate racial animus, “they do not by themselves amount to a constitutional violation absent having treated a similarly situated inmate differently.” *Hamiltonhausey v. Lewis*, No. C 18-6179 WHA (PR), 2019 WL 2299893, at *2 (N.D. Cal. May 30, 2019); *see Hill v. Rowley*, 658 Fed. App'x 840, 840–41 (9th Cir. 2016) (“The district court properly dismissed [the plaintiff]'s failure-to-protect and equal protection claims based on [the defendant's] comments to [the plaintiff] because verbal harassment is insufficient to state a constitutional deprivation.”); *Sekona v. Perez*, 1:19-cv-00400-NONE-GSA (PC), 2020 WL 2468089, at *9 (E.D. Cal. May 13, 2020) (“Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution[.]”).

As to any alleged Fourth Amendment violation, assuming a *Bivens* remedy exists, Plaintiff fails to state a claim. “The threshold inquiry in any Fourth Amendment analysis is whether the government's conduct is included in the Amendment's coverage, in other words, whether it amounts to a 'search' [or 'seizure'] for constitutional purposes.” *United States v. Gonzalez*, 328 F.3d 543, 546 (9th Cir. 2003). Plaintiff does not plead any facts that reasonably can be interpreted as either a search or seizure.

The TAC is dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. LEAVE TO AMEND

The Court has already given Plaintiff the opportunity to amend his complaint three times to no avail. Additionally, Plaintiff's amended complaints have all mirrored the factual allegations contained in the original complaint. The Court finds that granting further leave to amend would be futile. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (“[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad.” (internal quotation marks omitted) (second alteration in original)); *Loos v. Immersion Corp.*, 762 F.3d 880, 890–91

(9th Cir. 2014) ("Because Plaintiff essentially re-pled the same facts and legal theories in his amended complaint, the district court did not abuse its discretion in dismissing Plaintiff's claims with prejudice." (quotations and citations omitted)); *see Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing that "[f]utility of amendment" is a proper basis for dismissal without leave to amend).

## IV. CONCLUSION

IT IS HEREBY ORDERED that the TAC is dismissed without prejudice and without leave to amend. The Clerk of the Court shall close this case.

Dated: September 17, 2024

Hon. William Q. Hayes
United States District Court